CRANSTON BANK *v.* GEORGE V. BAKER.

Where an Insolvent's petition, prefered under one act, was granted after the passage of an act by which the prior act was repealed, which said second act was itself afterwards repealed, it was held that the petitioner took the benefit of the second act and was not affected by any subsequent modification or repeal thereof.

This was an action of debt brought in the Court of Common Pleas, upon a judgment rendered in November 1836. The defendant submitted to judgment, and execution was ordered against his goods and chattels and real estate. From this order the defendant appealed and offered in support of his appeal a certificate of discharge under the Insolvent Act, granted in November, 1839; and claimed that execution should issue against his goods and chattels only. It appeared by the certificate that the petition for the benefit of the Insolvent Act was preferred in April, 1839, and continued until the following November, when it was granted. The Insolvent Act, passed June, 1828, provided that execution should issue against the goods and chattels only of the persons who had obtained the benefit thereof. This act was suspended October, 1829, but revived in June, 1832, and was in force when the defendant presented his petition. In June, 1839, an act was passed providing that execution should issue against the goods and chattels and real estate of persons who had obtained the benefit of the Insolvent Act. This act was repealed January, 1840, leaving in force the

act of 1828.    It was provided by a saving clause that the repeal should not "invalidate or in any wise affect anything already done under said act, and in all cases where petitions have been filed under said act the proceedings shall be the same as if said act was still in force."

*Eames*, for the plaintiff, moved that the execution should issue against the goods and chattels and real estate of the defendant, according to the act of 1839.

*Cozzens*, for the defendant, contended, that the execution should issue against goods and chattels only according to the act in force when the petition was presented; that the Court had no power to issue an execution under an act which was repealed, unless authorized by some saving clause in the act, and that the saving clause in this act related only to petitions under the act of 1839, not to those preferred under the act of 1828.

Execution ordered against goods and chattels and real estate.